UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DE ANN WIESNER AND K.W.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security*,*<br><br>　　　　　Defendant. | 3:17-cv-00704-MMD-CBC<br><br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Defendant's motion to dismiss (ECF No. 12) and Plaintiffs' motion of opposition (ECF No. 15), motion to disqualify Nevada district court judges (ECF No. 16), and motion for summary judgment (ECF No. 17). For the reasons set forth herein, the court recommends Defendant's motion be granted, and Plaintiffs' motions be denied.

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

　　　On May 24, 2002, De Ann Weisner, on behalf of herself and her daughter K.W. ("Plaintiffs"), protectively filed for and were subsequently granted Social Security Disability Insurance ("SSDI") benefits. (ECF No. 12 at Ex. A; pgs. 2,3.) On August 6, 2012, the Social Security Administration ("SSA") terminated Plaintiffs' benefits on that claim. (*Id.* at Ex. A; pgs. 2, 4-5.)

　　　In 2014 and 2015 respectively, Plaintiffs filed new applications for SSDI benefits under Titles II and XVI of the Social Security Act. (*Id.* at Ex. A; pg. 3.) On December 5, 2017, Plaintiffs filed this action, and on December 8, 2017, Administrative Law Judge ("ALJ") Ryan Johannes issued an unfavorable decision, finding the Plaintiff is not

disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id.* at Ex. A; pgs. 3, 16-27.) On January 23, 2018, Plaintiffs filed a request of review of the ALJ's unfavorable decisions, which remains pending. (*Id.* at Ex. A; pgs. 3, 28-30.) On March 27, 2018 Defendant filed a motion to dismiss Plaintiffs' complaint for failure to exhaust the available administrative remedies. (ECF No. 12.)

On April 17, 2018 Plaintiffs filed a motion of opposition, motion to disqualify Nevada district court judges, and motion for summary judgment. (ECF Nos. 15, 16, & 17.) Plaintiffs contend that: (1) their remedies were exhausted once SSA Nancy Chung issued her review and report; (2) summary judgment is appropriate because SSA Mike Bilkin made a materially false statement and the SSA refuses to provide transcripts of the ALJ hearing; and, (3) all of the judges for the United States District Court of Nevada should be disqualified from hearing this case because they "know or should know" there is a general conspiracy within the judiciary against survivors of domestic violence. (ECF No. 15, 16 & 17.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of a complaint. A party invoking the jurisdiction of the federal court bears the burden of establishing the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78, 128 L.Ed.2d 391, 114 S.Ct. 1673, 1675 (1994) (citation omitted); *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014) (citing *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Adobe Sys. V. Kornrumpf*, 780 F.Supp.2d 988, 991 (citing *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898

(9th Cir. 1986)).  A motion to dismiss will be granted if the plaintiff has failed to allege an element necessary for subject matter jurisdiction.

The Social Security Act authorizes judicial review of final decisions made by the Commissioner.  42 U.S.C. § 405(g).  When the Appeals Council declines, the decision of the ALJ stands as the final decision of the Commissioner.  20 C.F.R. § 416.1481.  The court may enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for rehearing.  42 U.S.C. § 405(g).

## III.   DISCUSSION

### A.   Plaintiff has failed to exhaust administrative remedies.

Defendant contends Plaintiff failed to exhaust her administrative remedies with respect to the December 5, 2017 application for benefits. According to Defendant, Plaintiff filed suit in this court before obtaining a final decision on that claim from the Appeals Council.  (ECF No. 12 at 2).  Defendant argues this court lacks subject matter jurisdiction to review the December 2017 claim under 42 U.S.C. § 405(g) as a result.  (*Id.* at 3-4.)  Plaintiffs respond that their administrative remedies were exhausted when SSA Nancy Chung filed her review and report on March 27, 2018. Thus, the December 2017 application is ripe for review.  (ECF No. 15 at 8.)

A social security claimant may obtain judicial review of the Secretary's decision only by filing a civil action within sixty (60) days "after any *final decision* of the Secretary made after a hearing to which he was a party."  42 U.S.C. § 405(g) (emphasis added).  A claimant must undergo three stages of administrative review after the Secretary's initial decision.  If the initial determination is unfavorable, the claimant may request reconsideration.  *See* 20 C.F.R. §§ 416.1407-09.  If reconsideration is adverse, the claimant may request a hearing before an ALJ.  *See* 20 C.F.R. §§ 416.1429-30.  If the claimant is dissatisfied with the ALJ's decision, the claimant may request Appeals Council review of the ALJ's decision.  *See* 20 C.F.R. §§ 416.1467-68.  If the request for review is timely filed, the Appeals Council may either review the ALJ's decision on the merits or deny the claimant's request for review.  *See* 20 C.F.R. § 416.1481.

"Proceeding through these three stages exhausts the claimant's administrative remedies." *Bown v. City of New York*, 476 U.S. 467, 472, 90 L.Ed.2d 462, 106 S.Ct. 2011 (1986). The decision of the Appeals Council, or the decision of the ALJ if the Appeals Council denies review, then becomes the "final decision" of the Secretary for purposes of judicial review. *See* 20 C.F.R. § 416.1481.

Plaintiffs' December 2017 claim was denied by the ALJ on December 8, 2017, but it is not known whether the Appeals Council has denied review of the ALJ's decision or has accepted it for independent decision. There is little evidence in the record from either party that sheds light on the current standing of the appeal, and there is no evidence the Appeals Council refused to hear Plaintiffs' appeal. In addition, there is no evidence Plaintiffs made any attempt to clarify the confusion over the status of their appeal by contacting the Appeals Council. Instead, Plaintiffs rely on the assertion SSA Nancy Chung's review and report is sufficient evidence of exhaustion. However, the review and report does not supplant the Appeals Council role within the administrative review process. Therefore, the December 8, 2017 decision is not a final decision, and as a result, the December 2017 claim is not ripe for review. Accordingly, this court lacks jurisdiction to review the Appeals Council determination for Plaintiffs' December 2017 claim. Therefore, this court recommends that Defendant's motion to dismiss be granted and Plaintiffs' motions for opposition, motion to disqualify and motion for summary judgment be denied.

**IV.   CONCLUSION**

Based on the above, the court finds that Plaintiffs have not exhausted their administrative remedies. Accordingly, the court recommends that Defendant's motion to dismiss (ECF No. 12) be granted.

The court further finds that Plaintiffs' motion of opposition, motion to disqualify Nevada district court judges, and motion for summary judgment (ECF Nos. 15, 16 & 17) be denied.

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss (ECF No. 12) be **GRANTED** and Plaintiffs' motion of opposition, motion to disqualify Nevada district court judges, and motion for summary judgment (ECF Nos. 15, 16 & 17) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: October 10, 2018.

_____
UNITED STATES MAGISTRATE JUDGE